# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANDREW J. MALNICK,**
**Claimant Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-59        (JCN: 2019015209)**


**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Andrew J. Malnick appeals the July 28, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc., filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the claim administrator's order closing the claim for temporary total disability ("TTD") benefits.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 16, 2019, Mr. Malnick was injured while working for ACNR Resources, Inc. when he was struck by a boulder. He became pinned to a piece of machinery in a backward folded position.[3] He filed a workers' compensation claim and on February 6, 2019, the claim administrator held the claim compensable for an unspecified injury of the head, a contusion of the left knee, and an unspecified injury of the lower back.

---

[1] Petitioner is represented by J. Thomas Greene, Jr. Esq. and T. Colin Greene, Esq. Respondent is represented by Aimee M. Stern, Esq.

[2] Mr. Malnick filed a separate appeal regarding medical treatment. See *Malnick v. ACNR Resources, Inc.*, No. 22-ICA-137.

[3] Most of the facts about the accident were gleaned from documents in the parties' appendices. The documents were submitted into the record below, but were not discussed adequately, or at all, in the Board's order. Where possible, the Board should include in its order the facts about the injury as they are foundational to all issues in a claim.

1

Mr. Malnick had a prior history of low back symptoms and treatment dating back to at least 2016. The Employee's and Physician's Report of Occupational Injury or Disease, the WC-1 form, indicated that the occupational injury aggravated his previous lumbar problems for which he had a prior surgery. A CT scan performed on the day of the injury showed no acute trauma and a mild diffuse disc bulge at L4-5 resulting in spinal canal stenosis, which was improved from a study in 2016. Similarly, an MRI on July 23, 2019, demonstrated degenerative disc disease at L4-L5 with a significant reduction of the disc bulge and nerve root impingement since a prior exam in 2016. A Schmorl's node and a disc bulge were also observed at L4-L5.

When Mr. Malnick returned to work on April 17, 2019, the claim administrator suspended his TTD benefits, then closed the claim for TTD benefits by order dated May 28, 2019. Mr. Malnick continued to work until September 14, 2021, when he was taken off work again due to increasing symptoms. By order dated October 14, 2021, the claim administrator granted Mr. Malnick's application to reopen the claim for additional TTD benefits.

The claim administrator suspended TTD benefits on November 10, 2021, following Mr. Malnick's November 8, 2021, examination by Prasadarao Mukkamala, M.D. Dr. Mukkamala opined that Mr. Malnick had reached maximum medical improvement ("MMI") for the compensable injury. According to Dr. Mukkamala, Mr. Malnick's ongoing symptoms were due to preexisting, noncompensable degenerative spondyloarthropathy, and were unrelated to the compensable injury. By order dated December 20, 2021, the claim administrator closed the claim for TTD benefits.

Mr. Malnick appealed the December 20, 2021, order to the Board. Mr. Malnick was deposed on March 7, 2022. He testified that Bill Dean Underwood, M.D., performed a spinal fusion on February 16, 2022, which was not covered under the claim. According to Mr. Malnick, the surgery resolved his low back pain and the numbness and tingling in his legs.

By order dated July 28, 2022, the Board affirmed the claim administrator's order closing the claim for TTD benefits. The Board found that the evidence established a significant pre-injury history of low back symptoms and treatment that included surgery. Additionally, the Board noted that imaging studies performed before the compensable injury in the claim were comparable to those performed afterward. The Board also found that Mr. Malnick's pre-injury symptoms and complaints were comparable to his complaints when he stopped work in September of 2021. It was noteworthy to the Board that Mr. Malnick worked for a significant period of time after he returned to work in 2019.[4] The

---

[4] It appears the Board miscalculated the period of time Mr. Malnick worked upon his return. According to the claim administrator's order dated April 17, 2019, suspending TTD benefits, Mr. Malnick returned to work that day. Mr. Malnick reported to Dr.

Board also noted that the report by Anna Carpenter, M.D. dated October 20, 2021, correlated Mr. Malnick's current problems of chronic low back pain with degenerative disc disease. Because of this and because the surgery was not covered in the claim, the Board concluded that the claim was properly closed for TTD benefits. Mr. Malnick now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Malnick argues that the Board erred in finding that his TTD benefits were properly terminated. He avers that he made an excellent recovery after undergoing a discectomy surgery in 2016 and he was doing well until the injury in the claim, as noted by Dr. Underwood, who performed the prior surgery and treated him for the injury in this claim. Mr. Malnick contends that the claim administrator reopened his claim for TTD benefits after he stopped working in September of 2021 because evidence proved his symptoms were related to the compensable injury. Further, Mr. Malnick notes Dr. Underwood did not find he was at MMI or capable of returning to work contrary to Dr. Mukkamala's report of November 8, 2021. Instead, Mr. Malnick points out that Dr. Underwood determined that further treatment, a lumbar fusion, was needed to address symptoms stemming from the compensable injury. Mr. Malnick asserts Dr. Underwood's opinion, which was based upon his prior treatment including the successful surgery in 2016, outweighs Dr. Mukkamala's findings based upon a single examination. Specifically, Mr. Malnick argues that Dr. Mukkamala was wrong to ascribe all of the current symptoms to a preexisting condition that did not limit him before the compensable injury in this claim.

---

Mukkamala on November 8, 2021, that he stopped work again on September 14, 2021. Thus, he worked nearly two and one-half years after he initially returned to work.

Mr. Malnick cites to Syllabus Point 5, *Moore v. ICG Tygart Valley*, LLC, __ W. Va. __, 879 S.E.2d , 779 (2022), wherein the Supreme Court of Appeals of West Virginia held that

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

According to Mr. Malnick, he made a complete recovery after Dr. Underwood performed the discectomy in 2016. He argues he was able to work without restrictions or limitations and was not receiving active treatment until the injury in the present claim occurred. Thus, he contends his disability is related solely to the compensable injury. Further, he notes that although he returned to work in April 2019, his symptoms continued to require treatment and by September 14, 2021, the pain was intolerable, and he had to stop working.

Mr. Malnick also cites *UMWA v. Lewis*, 172 W. Va. 560, 564, 309 S.E.2d 58, 62 (1983), and argues that a claimant is entitled to "temporary total disability benefits until either the claimant is released to return to work or it conclusively appears that the claimant's inability to return to work is the result of a permanent disability or of medical problems that are unrelated to the compensable injury." Mr. Malnick asserts that Dr. Underwood did not release him to return to work and determined that he required fusion surgery to treat his symptoms. Thus, he argues that he remained temporarily totally disabled from October 14, 2021, until he had completed physical therapy after the surgery performed on February 16, 2022. Consequently, Mr. Malnick contends that the Board was clearly wrong in affirming the closure of TTD benefits by order dated December 20, 2021.

After review, we agree with the Board that Mr. Malnick failed to refute Dr. Mukkamala's finding on November 8, 2021, that he had reached MMI for the compensable injury. The lumbar fusion performed by Dr. Underwood on February 16, 2022, was not covered under the claim, and thus cannot serve as a foundation for continued TTD benefits. As noted by the Board, Mr. Malnick had a significant history of low back symptoms and treatment that included low back surgery before he suffered the compensable injury. Therefore, the Board was not clearly wrong in finding that Mr. Malnick's preexisting condition was not asymptomatic, as required under the analysis in *Moore*.[5]

---

[5] It is also observed that the issue in *Moore* was whether certain conditions were compensable. The Supreme Court of Appeals did not address closure of TTD benefits.

Accordingly, we find no error in the Board's order affirming the claim administrator's order closing the claim for TTD benefits.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen